IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ROGER DALE SIMS,
ADC #121381                                                                                           PLAINTIFF

VS.                          CASE NO. 3:07CV00106JLH/HDY

ANN HUDSON                                                                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.  Introduction

This matter is before the Court on the defendant's motion for summary judgment (DE #23). Plaintiff filed a response in opposition to the motion (DE #27). By Order dated February 27, 2008, this Court directed the parties to file additional briefs addressing case law set forth in Maness v. District Court of Logan County, 2007 WL 2296432 (8th Cir. 2007), and Tyler v. Favazza, 2005 WL 1875036 (E.D.MO 29005) (DE #29). The parties have now submitted their briefs in response to that Order (DE ##38, 39).

Plaintiff is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against defendant, the Circuit Clerk of Craighead County, alleging a violation of his First Amendment right of access to the courts and his Fourteenth Amendment due process rights. Specifically, plaintiff alleges defendant inappropriately and wrongfully denied his requests for a certified record of his state court criminal trial as needed for filing an appeal of his conviction. As a result of defendant's unlawful denial of

plaintiff's request, plaintiff states he was unable to properly appeal his conviction. Plaintiff asks the Court to order his appeals re-opened and direct defendant to properly certify the record of his conviction.

## II.  Summary Judgment Motion

### A.  Defendant's Motion

In support of her motion, defendant states plaintiff fails to state a claim for relief, because his allegations against her are based on negligent conduct, as opposed to deliberate and reckless conduct.  In addition, defendant states she is protected by qualified immunity, judicial immunity, or quasi-judicial immunity.  In the additional brief, defendant states plaintiff's access to the courts claim fails because plaintiff failed to obtain a court order granting his motion to proceed in forma pauperis (IFP) in his appeal.  Defendant cites Sullivan v. Arkansas, 301 Ark. 352, 784 S.W.2d 155, 156 (1990) (per curiam) as holding that the responsibility for perfecting an appeal rests on the appellant, and placing blame on the clerk does not excuse the appellant's failure.  Defendant states her responsibility to certify the record was not triggered, since plaintiff never obtained an order granting his IFP motion, and did not pay the costs associated with certifying the record.

### B.  Plaintiff's Response

In his response, plaintiff states it is clear from defendant's responses to his requests that her conduct was not negligent, but rather, was a purposeful refusal to do her job.  Plaintiff also states immunity is inapplicable here because constitutional violations occurred.  In his additional brief, plaintiff states defendant had no right to decide whether he could appeal a criminal decision, and therefore, defendant violated his due process rights.

### C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D.  Analysis

      Initially, the Court notes that plaintiff does not dispute defendant's assertion in her affidavit (DE #39, Ex. A) that plaintiff failed to receive an order granting his IFP application on appeal.  In addition, the Court notes that plaintiff has not specifically requested monetary relief, but rather, equitable relief in the form of the reinstatement of his appeal. In Maness, supra, the Court addressed a situation where plaintiff failed to present an IFP application to a circuit court judge, resulting in the dismissal of his appeal.  Plaintiff alleged the defendant court clerk refused to file his appeal for lack of a filing fee and refused his requests to present his IFP application to the circuit judge.  The Court held the clerk was shielded by qualified immunity, finding plaintiff could not show actual injury or prejudice based on the clerk's decision not to present the IFP to the judge, because the Arkansas courts have clearly stated the responsibility for perfecting an appeal rests totally with the appellant, citing Sullivan v. Arkansas, supra.  The Court also noted the appellant did not appeal the

Clerk's refusal of his petition and failed to take advantage of those state remedies available to him.

The Court finds the present situation nearly identical to the facts in <u>Maness</u>.  In this case, plaintiff argues defendant failed to certify the state court criminal conviction for his appeal, but does not dispute defendant's argument that he failed to first obtain an order granting his IFP motion.  In addition, plaintiff does not allege he attempted to use state remedies to appeal the denial of his requests to certify the record.  Based on the law set forth in <u>Maness</u> and <u>Sullivan</u>, <u>supra</u>, the Court finds plaintiff can not show actual injury by defendant's alleged failure to certify the record when plaintiff was solely responsible for perfecting his appeal.  To the extent that plaintiff's prayer for relief ("whatever action this court deems approperate (sic)") (DE #2), is construed as seeking monetary relief, the Court finds defendant is protected by qualified immunity, which protects state actors from civil liability for damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  <u>See</u> <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).  The equitable relief plaintiff requests (an order directing his appeals re-opened and directing defendant to properly certify the record of his conviction) is habeas in nature, and he has not exhausted his state remedies by appealing the dismissal of his appeal. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973), and Wilson <u>v. Lockhart</u>, 949 F.2d 1051 (8th Cir. 1991).  Accordingly,

IT IS, THEREFORE, RECOMMENDED that defendant's motion for summary judgment (DE #23) be GRANTED and plaintiff's complaint be dismissed with prejudice.

IT IS SO RECOMMENDED this \_\_\_19\_\_\_\_day of March, 2008.

_____
United States Magistrate Judge